IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LENNARD NOLAN, ) | |
| ) | |
| Plaintiff, ) | CV-04-6040-ST |
| ) | |
| v. ) | FINDINGS AND |
| ) | RECOMMENDATION |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

STEWART, Magistrate Judge:

## **INTRODUCTION**

Plaintiff, Lennard Nolan ("Nolan"), brought this action pursuant to 42 USC §§ 405(g) and 1383(c)(3) (incorporating § 405 (g)), seeking judicial review of a final decision of the Commissioner of Social Security denying his application for Supplemental Security Income ("SSI") disability benefits under Title XVI of the Social Security Act. For the reasons set forth below, the Commissioner's decision should be affirmed.

## BACKGROUND

Born in 1960, Nolan was 42 years old at the time of the hearing decision and therefore is considered a younger individual. Tr. 45[1]; 20 CFR § 416.963(b). Nolan completed high school. Tr. 45, 105. His past work was as an auto body painter, lumber mill worker, irrigation draftsman, and furniture sander. Tr. 100. He last performed substantial gainful activity prior to his alleged onset date. *Id.*

Nolan filed his application for SSI disability benefits on April 24, 2002. Tr. 88-93. He alleged disability beginning January 1, 1997, based on a fractured left clavicle, completely severed right Achilles tendon, and a compound fracture of the right femur which cause him severe pain, lack of movement, inability to lift or use his arm, and inability to stand for more than 10 minutes at a time. Tr. 99. His application was denied initially and upon reconsideration. Tr. 75-84. An Administrative Law Judge ("ALJ") conducted a hearing on April 1, 2003, and heard testimony from Nolan and Patricia C. Lesh, a vocational expert ("VE"). Tr. 41-72.

On May 22, 2003, the ALJ issued a decision finding that Nolan could perform sedentary work that existed in the national economy. Tr. 15-29. Therefore, he found Nolan not disabled within the meaning of the Social Security Act. *Id*. The Appeals Council denied Nolan's request for review on November 28, 2003, making the ALJ's decision the Commissioner's final decision. Tr. 5-8; 20 CFR § 416.1481.

///

///

## DISABILITY ANALYSIS

---

[1] Citations are to the page number of the transcript of the record filed with the Commissioner's Answer.

The initial burden of proof rests upon the claimant to establish disability. *Roberts v. Shalala*, 66 F3d 179, 182 (9th Cir 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 USC § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 US 137, 140 (1987); 20 CFR § 416.920.

In step one the Commissioner determines whether a claimant is engaged in "substantial gainful activity." The claimant is not disabled if he or she is able to engage in substantial gainful activity. *Yuckert*, 482 US at 140; 20 CFR § 416.920(b).

In step two the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 US at 140-41. An impairment is severe within the meaning of the Act if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 CFR § 416.920(c). If the claimant is not severely impaired within the meaning of the Act, the claimant is not disabled.

In step three the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 US at 140-41; 20 CFR § 416.920(a)(4)(iii) & (d). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is conclusively presumed to be disabled. *Yuckert*, 482 US at 141.

If the adjudication proceeds beyond step three, the Commissioner must assess the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of the sustained work-related activities the claimant can still do on a regular and continuing basis, despite the limitations imposed by his impairments. 20 CFR § 416.920(e), 416.945; Social Security Ruling ("SSR") 96-8p.

At step four the Commissioner will find the claimant not disabled if he retains the RFC to perform work he has done in the past. 20 CFR § 416.920(a)(4)(iv) & (f) .

If the adjudication reaches step five, the Commissioner must determine whether the claimant can perform other work that exists in the national economy. *Yuckert*, 482 US at 141-42; 20 CFR § 416.920(f). Here the burden shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can do. *Yuckert*, 482 US at 141-42; *Tackett v. Apfel*, 180 F3d 1094, 1099 (9th Cir 1999). If the Commissioner meets this burden, then the claimant is not disabled. 20 CFR § 416.966.

## THE ALJ's FINDINGS

At steps one, two and three, the ALJ found that Nolan had not engaged in substantial gainful activity since his alleged disability onset date and that he had a combination of severe musculoskeletal impairments that do not meet or equal any impairment listed in the Listing of Impairments. Tr. 19, 28.

With regard to RFC, the ALJ found that Nolan is capable of performing a wide range of sedentary work; is limited to only occasional kneeling, crouching, and crawling; cannot climb ladders; and is limited in his capacity for reaching. Tr. 20, 28.

At step four, the ALJ found that Nolan was not able to perform his past relevant work. Tr. 28.

At step five, the ALJ found that, based on the above RFC, Nolan could perform work existing in significant numbers in the national economy in the following occupations identified by the VE: ticket seller, taxicab dispatcher, and food order clerk. Tr. 26, 28.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 USC § 405(g); *Andrews v. Shalala*, 53 F3d 1035, 1039 (9th Cir 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F2d 771, 772 (9th Cir 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. *Andrews*, 53 F3d at 1039-40. If substantial evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F3d 1152, 1156 (9th Cir 2001).

## DISCUSSION

Nolan does not dispute the ALJ's findings through step four, but alleges that the Commissioner erred at step five by rejecting the supplemental opinion from treating physician, Dr. Thomas Macha, and the opinion of the reviewing physician, Dr. Scott Pritchard.

5 - FINDINGS AND RECOMMENDATION

**I.    Dr. Macha**

The ALJ discussed the opinion of Dr. Macha at length and relied on it in determining Nolan's RFC and ability to work as a ticket seller, taxicab dispatcher, and food order clerk. After the ALJ issued his decision, Nolan's attorney wrote a letter dated June 6, 2003, to Dr. Macha posing the following questions with spaces to check "yes" or "no" and to make comments:

> 1. Would you expect, considering Mr. Nolan's combination of impairments, that he would be precluded from sustaining the degrees of reaching, handling, and fingering involved in these jobs?
>
> 2. Have you found Mr. Nolan to be honest in describing his condition and symptoms to you during the course of your treatment of him?[2]
>
> 3. Would the "changes in position as needed to continue with his activities" be expected to include a need to take more than the usual number of breaks, which are typically 15 minutes each in the morning and afternoon and a 30-60 minute lunch break?

Tr. 12-14.

Dr. Macha checked the "yes" box next to all three questions without making any further comment. Nolan then submitted this response to the Appeals Council.

The Appeals Council concluded that this additional information failed to "establish any additional work-related limitations for several reasons." Tr. 6. Because he believes that the reasons offered by the Appeals Council are not specific and legitimate, Nolan asks that

---

[2] Because the ALJ's finding that Nolan was not credible is not contested, the court need not address Dr. Macha's opinion regarding Nolan's credibility.

Dr. Macha's supplemental opinion be credited as true, and this case be remanded for further proceedings to present these new limitations to a VE.

As an initial concern, the Commissioner contends that this court has no jurisdiction to review the Appeals Council's denial of Nolan's request for review because Dr. Macha's opinion was not before the ALJ, but was presented first in Nolan's request for review before the Appeals Council. A decision of the Appeals Council to deny a request for review is not a final decision subject to judicial review. 20 CFR § 416.1481. *See also Russell v. Bowen,* 856 F2d 81, 83-84 (9th Cir 1988). However, when the Appeals Council considers materials not seen by the ALJ and concludes that the materials provide no basis for review of the ALJ's decision, a reviewing court may consider the additional materials to determine whether substantial evidence supports the Commissioner's decision. *Harman v. Apfel*, 211 F3d 1172, 1180 (9th Cir 2000), *cert denied*, 531 US 1038 (2000); *Ramirez v. Shalala*, 8 F3d 1449, 1451-52 (9th Cir 1993).

Here the Appeals Council considered Dr. Macha's post-hearing opinion, but did not find it persuasive. Therefore, it is appropriate for this court to address Dr. Macha's supplemental opinion in reviewing the evidentiary basis for the ALJ's decision.

Where a claimant is seeking review based on evidence not presented to the ALJ, the regulations direct the Appeals Council to grant such review when the submitted evidence is new, material, and relates to the period on or before the date of the ALJ's decision. 20 CFR § 416.1470(b). *Ramirez,* 8 F3d at 1452. The new evidence is material if it creates a reasonable possibility that the outcome of the case would be different. *Booz v. Sec'y of Health & Human Servs*, 734 F2d 1378, 1380-81 (9th Cir 1984). Accordingly, this court reviews the supplemental opinion of Dr. Macha to determine whether it undermines the evidentiary basis of the ALJ's

7 - FINDINGS AND RECOMMENDATION

decision and creates a reasonable possibility that the outcome of the ALJ's decision would change. *Booz*, 734 F2d at 1380-81.

This court concludes that the questions presented to Dr. Macha by Nolan's attorney were flawed, and that Dr. Macha's responses neither undermine the evidentiary basis relied upon by ALJ nor create a reasonable possibility that the outcome would change.

In response to the first question, Dr. Macha concurred that Nolan's combinations of impairments precluded him from sustaining the degrees of reaching, handling and fingering involved in the jobs of ticket seller, food order clerk, and taxicab dispatcher. However, the only information provided to Dr. Macha concerning those jobs was that set forth in the Dictionary of Occupational Titles ("DOT"). According to the DOT, the job of ticket seller involves constant reaching, handling, and fingering 2/3 or more of the time; and the jobs of food order clerk and taxicab dispatcher involve frequent reaching, handling, and fingering 1/3 to 2/3 of the time.

The information provided to Dr. Macha was incomplete. These DOT job descriptions do not inform Dr. Macha that the ALJ and the VE discussed Nolan's reaching limitation at length. In fact, the VE carefully considered Nolan's reaching limitation, most of which flows from the injury to his left shoulder, and parsed through what sort of reaching each job entailed. Tr. 63-68. Based on her own labor market surveys in 1995 and 1997, the VE had first-hand knowledge of the jobs at issue which exceeded the information set forth in the DOT. Tr. 64 (food order clerk and taxicab dispatcher), 67 ("Well, ticket seller . . . I feel I've observed the job and culled it enough that I do not feel it would have reaching . . ."). The VE noted that some of the information set forth in the DOT was dated. Tr. 60-70, ("the taxi cab position . . . was last looked at in '77 . . . so I feel like my data is actually more accurate than the [DOT] data . . . . ").

8 - FINDINGS AND RECOMMENDATION

It is, of course, entirely proper for the VE to draw upon the breadth of his or her professional knowledge in assessing an individual social security claimant. As explained in Social Security Ruling 00-4p,[3] an important function of the VE is to provide more specific information about jobs or occupations than the DOT, and when information from a VE appears to conflict with the DOT, the VE need only set forth a reasonable explanation for the conflict. Here the VE found a conflict with the DOT and explained why she disagreed with the DOT with respect to the reaching limitation.

The first question answered by Dr. Macha also referred to handling and fingering limitations. However, as noted by the Appeals Council, the evidence in the record fails to support such limitations. It is unclear what medically determinable impairment would be the source of any fingering and handling limitations, or even reaching limitations below shoulder level and/or involving the right extremity. Nolan did not complain of specific reaching (other than overhead with his left arm) or handling problems to the doctors who examined and treated him. Significantly, Dr. Macha never mentioned any manipulative problems in any of his prior assessments. It is likely that when answering this question, Dr. Macha was only considering Nolan's reaching limitation. Absent explanatory comments by Dr. Macha, his response is not material evidence and was properly rejected by the Appeals Council. *See Young v. Heckler,* 803 F2d 963 (9th Cir 1986) (discussing the Ninth Circuit's disfavor of "fill in the blank documentation").

Although not addressed directly by the Appeals Council, Dr. Macha's response to the third question (that Nolan would require an aberrant amount of breaks) might plausibly preclude

---

[3] Available at http://www.ssa.gov/OP_Home/rulings/di/02/SSR2000-04-di-02.html

9 - FINDINGS AND RECOMMENDATION

Nolan from working.  However, the question posed to Dr. Macha obscured the fact that the ALJ had included a sit-stand option in his hypothetical for the VE.  Tr. 62.  Because Dr. Macha was unaware of the details underpinning the VE's conclusion, his opinion about Nolan's need for breaks cannot serve to rebut the conclusion of the VE.

Because he was not presented with the basis for the ALJ's and VE's conclusions, Dr. Macha's supplemental opinion is unavailing with regard to Nolan's ability to do the reaching, handling, fingering, and sitting associated with the jobs chosen by the VE.  This opinion is essentially disjunct from the record as a whole, does not serve to undermine the evidence relied on by the VE, and creates no reasonable possibility that the outcome of the ALJ's decision would have changed.  Therefore, the Appeals Council's rejection was proper.  The nature of Nolan's impairment as documented in the record does not preclude him from performing the work selected by the VE.

## II.     Dr. Pritchard

On August 30, 2002, reviewing physician Scott Pritchard opined that Nolan can perform sedentary work with certain limitations, including that Nolan "should be precluded from reaching above shoulder level with the left upper extremity."  Tr. 247.  Nolan contends that the ALJ essentially rejected this opinion by finding that Nolan was capable of  "no more than limited reaching."

As previously discussed, the ALJ and the VE devoted particular attention to the nature of Nolan's reaching restrictions and the question of what jobs he could not perform.  Though the ALJ did not mention Dr. Pritchard by name, it is obvious from the record that the ALJ was mindful of Nolan's shoulder restriction.  The ALJ did describe Nolan's restriction in slightly

different terms than Dr. Pritchard. Dr. Pritchard's restriction of reaching overhead with the left arm appears to have been absorbed within the ALJ's more broadly worded hypothetical of "only limited reaching, including overhead reaching," which would potentially involve the use of both arms in all directions. Tr. 62. Yet the record shows that the ALJ was fully cognizant of the specifics of Nolan's left arm impairment. *See* Tr. 55-56, (ALJ: "Are you right-handed or left handed?" Nolan: "Right." ALJ: "This is the left shoulder?" Nolan: "Yes.").

In sum, the court finds that the ALJ did not reject the opinion of Dr. Pritchard and that any error associated with the ALJ's failure to comment specifically on his opinion was harmless.

## RECOMMENDATION

For the reasons stated above, the Commissioner's decision should be affirmed.

## SCHEDULING ORDER

Objections to the Findings and Recommendation, if any, are due May 16, 2005. If no objections are filed, then the Findings and Recommendation will be referred to a district court judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district court judge and go under advisement.

DATED this  27  day of April, 2005.

      /s/    Janice M. Stewart
     Janice M. Stewart
     United States Magistrate Judge